# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MARLON SINGLETON, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No.  06 C 2297 ) ) |
| FRANK SHAW, Warden | ) HONORABLE DAVID H. COAR ) |
| Respondent.[1] | ) ) |

## MEMORANDUM OPINION AND ORDER

Marlon Singleton, an Illinois prisoner, has filed a petition for a writ of habeas corpus, and the state has answered. *See* 28 U.S.C. § 2254. For the following reasons, Singleton's petition is DENIED. The court declines to issue a certificate of appealability.

## BACKGROUND

A Cook County jury convicted Marlon Singleton of aggravated criminal sexual assault and armed robbery, for which he received consecutive sentences of fifty eight and thirty years in Illinois state prison. At trial, the State's evidence showed that on the night of July 3, 1997, and into the early morning hours of July 4, 1997, Singleton sexually assaulted and robbed the victim, C.C., while armed with a box cutter. DNA present in vaginal swabs taken from C.C. were matched to Singleton, and C.C. identified Singleton in a lineup. The State also presented other-crimes evidence of a similar attack in 1987 against N.L.. Singleton argued, to no avail, that the sex with C.C. was consensual; he also put forth an alibi to the 1987 attack through his mother and cousin's testimony.

---

[1] At the time Singleton filed his petition, the warden at Stateville Correctional Center and original respondent was Dierdre Battaglia. The current warden is Frank Shaw, who should therefore be substituted as the proper respondent. *See Bridges v. Chambers*, 425 F.3d 1048 (7th Cir. 2005).

On direct appeal, appointed counsel challenged the introduction of his criminal sexual assault conviction for the 1987 attack against N.L., arguing that the two crimes were too dissimilar to support the use of his conviction as *modus operandi* evidence under Illinois law. (Ex. A.) The appellate court affirmed in a summary order. *People v. Singleton*, No. 1-01-2866 (Ill. App. Ct. December 31, 2002). Singleton raised this issue in his PLA, which the Supreme Court of Illinois denied. *People v. Singleton*, 788 N.E.2d 734 (Ill. 2003).

On October 2, 2003, Singleton filed his first petition for postconviction relief ("PC") in the Circuit Court of Cook County. (Ex. F.) In his seventy-seven page, thirty-two count omnibus petition, Singleton alleged that trial and appellate counsel were both ineffective; that the trial court made a variety of procedural, substantive, and evidentiary errors; and that the State committed *Brady* violations and tainted his trial with inappropriate remarks during closing argument. The court found that his claims ranged from conclusory and speculative to plainly false; for instance, trial counsel had in fact filed several of the motions that Singleton complained he never filed. The court dismissed his petition as frivolous and patently without merit in an order dated December 12, 2003. (Ex. G.) *See* 725 ILCS 5/122-2.1(a).

On appeal from the denial of his first PC, Singleton, through appointed counsel, raised two claims: (1) the State committed prosecutorial misconduct during closing argument; and (2) prior appellate counsel was ineffective for failing to raise the issue on direct appeal. (Ex. H.) While his appeal was pending, Singleton sought leave from the appellate court to file, *pro se*, a supplemental brief, in which he would argue that trial counsel was ineffective for failing to introduce evidence of the victim's home address and for vouching for an alleged prior victim's credibility; and that the prosecutor committed misconduct by introducing perjured testimony. (Ex. L at 7-22.) When the appellate court denied Singleton leave to file his supplemental brief,

he challenged that order in an interlocutory PLA, which the Supreme Court of Illinois denied. *People v. Singleton*, 839 N.E.2d 1035 (Ill. 2005).

The appellate court affirmed the circuit court's order denying Singleton's first PC. *People v. Singleton*, No. 1-04-0934 (Ill. App. Ct. Nov. 29, 2005). (Ex. K.) The court determined, as relevant here, that "only three of the ASA's statements cited by [Singleton] on appeal as improper comments were contained in his *pro se* petition." (*Id.* at 6.) Those comments, made during closing argument, were the following: (1) "You know, when you have no defense you resort to fancy diagrams;" (2) "Do you see how when you talk out of both sides of your mouth you have no defense. It's defense of desperation. Things are thrown at you hoping they will stick;" and (3) The ASA's comment, in rebuttal, that Singleton's defense theory was "the dumbest defense ever to cross a courtroom floor." (*Id.* at 6-8.) Based on these three remarks, the court found that the underlying claim of prosecutorial misconduct was without merit, and that appellate counsel therefore could not have been ineffective for failing to raise it on direct appeal. (*Id.* at 9.) The rest of the prosecutor's allegedly impermissible comments during closing argument were waived under Illinois procedural law. (*Id.* at 6, citing *People v. Jones*, 213 Ill. 2d 498 (Ill. 2004).)

Singleton filed a PLA challenging the appellate court's decision. He advanced three arguments: (1) appellate counsel was ineffective for not raising all thirty two claims presented in his first PC on appeal from its denial; (2) the appellate court erred by affirming the denial of his first PC without considering all thirty two of those claims; (3) the circuit erred by dismissing his first PC as frivolous during initial review, *see* 725 ILCS 5/122-2.1(a), since all of his claims presented the "gist" of a constitutional claim. (Ex N.) The PLA provided no factual or legal argument. Rather, it purported to "hereby incorporate[] into this petition all grounds and

allegations stated in: 1. Petition for Post-Conviction relief, 2. Brief and argument for petitioner-Appellant, 3. Reply Brief for Petitioner-Appellant." (*Id.* at 2.) Singleton's PLA was denied. *People v. Singleton*, 850 N.E.2d 812 (Ill. 2006).

Meanwhile, Singleton had also filed a "Motion for Leave to File Successive Petition for Post-Conviction Relief Consolidated with § 2-1401 Petition for Relief from Judgment" in the Circuit Court of Cook County. (Ex. P.) Singleton argued that (1) the State impermissibly used his prior conviction to show his *modus operandi*; (2) trial counsel was ineffective; (3) Singleton was entitled to a lesser-included theft instruction on his armed-robbery charge; (4) appellate counsel was ineffective for failing to raise these claims. The circuit court found that the petition failed, at the threshold, to satisfy the cause-and-prejudice requirement for a successive postconviction petition. (Ex. Q, at 5, citing 725 ILCS 5/122-1.) Singleton appealed, arguing that the circuit court erred (1) by recharacterizing his § 2-1401 petition as a PC without the admonishments required by Illinois law and (2) by assessing Singleton fees and costs after rejecting his request to file a successive petition; and that (3) the assessment of fees and costs violated equal protection. (Exs. R, S.) The appellate court affirmed. *People v. Singleton*, No. 1-06-1115 (Ill. App. Ct. Feb. 8, 2008.) In his ensuing PLA, Singleton raised only the second of these issues. (Ex. W.) The PLA was denied on January 28, 2009. *People v. Singleton*, 902 N.E.2d 1089 (Ill. 2009).

On April 25, 2006, Singleton filed the present petition for a writ of habeas corpus in this court. On June 14, 2006, this court stayed the petition while Singleton's then-pending successive PC (and ensuing appeals) was resolved. The stay was lifted on February 24, 2009, and Singleton was given an opportunity to file an amended petition. He declined and instead submitted, through appointed counsel, a supplemental memorandum in support of his original petition. This

petition raises five claims on its face: (1) the use of other-crimes evidence violated his right to a fair trial; (2) the prosecutor committed misconduct during closing argument; (3) Singleton was not proven guilty beyond a reasonable doubt; (4) the indictment's use of 'box cutter' instead of 'knife' violated the Indictment Clause of the Fifth Amendment; and (5) the trial judge penalized petitioner by sentencing him to an eighty-eight year sentence after he had turned down a plea agreement in which he was offered a forty-five year sentence, thereby violating his Sixth Amendment right to a jury trial. Lurking in the exhibits attached to Singleton's petition is some discussion of a potential witness, Marion Beck, who was never called to testify at trial. Appointed counsel's supplemental memorandum asserts that trial counsel was ineffective for failing to call Beck as a trial witness.

## **LEGAL STANDARD**

"A district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the court may issue a writ of habeas corpus only if the state court's determination of the petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Woods v. McBride*, 430 F.3d 813, 816 (7th Cir. 2005).

"A federal district court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001); *see* 28 U.S.C. § 2254(b)(1)(A). To exhaust those remedies, the petitioner must fully and

fairly present each federal claim—i.e., its operative facts and controlling legal principles—to the state courts. *Chambers*, 264 F.3d at 737-38 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999)). The petitioner must assert each claim "through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (quotation and citation omitted).

When a state court resolves a question of federal law based on "a state law ground that is independent of the federal question and adequate to support the judgment," a federal habeas court generally may not review the state court's decision. *Woods v. Schwartz*, 2009 U.S. App. LEXIS 26802, at *8 (7th Cir. Dec. 9, 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (2001)). "[W]hen a state refuses to adjudicate a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that will normally qualify as an independent and adequate state ground for denying federal review." *Woods*, 2009 U.S. App. LEXIS 26802, at *8-9 (citing *Cone v. Bell*, 556 U.S. __, 129 S. Ct. 1769, 1780 (2009)). And "a finding of waiver" by the state courts is "enough to establish an adequate and independent state ground." *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009).

A failure to comply with the exhaustion requirement or with the state's procedural rules will operate as a procedural default, which bars federal habeas corpus relief "unless the petitioner can demonstrate both cause for and prejudice stemming from the default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

## ANALYSIS

In his first claim, Singleton argues that the trial court erred by admitting evidence of his

1987 attack on N.L. for the purpose of demonstrating his alleged *modus operandi*. "Errors of state law, such as the improper admission of evidence, do not support a writ of habeas corpus." *Gonzalez v. DeTella*, 127 F.3d 619, 621 (7th Cir. 1997) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)). Or more precisely, an erroneous evidentiary ruling may provide a basis for habeas relief only if it is so prejudicial that it violates fundamental due process. *See id.* at 72. Now, Singleton does claim, in addition to state-law error, that the admission of prior crimes evidence denied him his constitutional right to a fair trial. (Petition at 5.) The Supreme Court, however, has never held that the admission of *modus operandi* evidence violates the U.S. Constitution. *See Estelle*, 502 U.S. at 75 n.5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."). Singleton therefore cannot establish that a state-court decision was contrary to, or an unreasonable application of, clearly established federal law. *See Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) (habeas petitioner faced "an impossible hurdle . . . because the Court has expressly declined to decide the issue"). In either incarnation—as a constitutional or as a state-law objection—Singleton's first claim is not cognizable on federal habeas review.

The remainder of Singleton's claims are procedurally defaulted. Singleton failed, at the very least, to adequately present his claims to the Supreme Court of Illinois. On direct review, Singleton's PLA only presented his state-law claim that prior-crimes evidence was improperly admitted. On appeal from the first round of state collateral review, Singleton's PLA failed to present any of the claims he now asserts in his petition. True, Singleton purported to incorporate the claims he had raised in his first PC and appellate brief by reference to those documents. But fair presentment requires, among other things, that a state-court filing articulate the petitioner's claim "in such a way that a judge could grasp both its substance and its foundation in federal

law" without venturing beyond the four corners of the document. *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004) ("a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim on order to find material . . . that does so.)). Obviously enough, incorporation by reference flunks this standard. *Lockheart*, 443 F.3d at 929. And since there is no Illinois Supreme Court rule entitling litigants to present arguments by incorporation, *id.*, Singleton did not fairly present any of his current arguments by way of this PLA. Lastly, on appeal from his second round of state collateral review, Singleton's PLA argued only that the circuit court's assessment of fees and costs was improper. At a minimum, then, Singleton's remaining claims are defaulted for lack of fair presentment to the Illinois Supreme Court. *See Lewis*, 390 F.3d at 1025-26 (fair presentment "includes levels at which review is discretionary rather than mandatory"). There are other procedural defaults that would bar Singleton's claims, but that adds nothing at this juncture.

To excuse his defaults, Singleton must demonstrate either cause and prejudice *or* that the default would work a fundamental miscarriage of justice. *See id.* at 1026. "Cause for a default is ordinarily established by showing some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Id.* Singleton alleges nothing of the kind in his petition. He does not, for instance, allege failure to raise his federal claims in state court as a ground for ineffective assistance of trial and appellate counsel. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). In any event, those claims would be defaulted in their own right. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective-assistance claim as cause for excusing procedural default subject to fair-presentment requirements). Singleton therefore cannot establish cause for excusing his state-court procedural defaults.

Nor can Singleton demonstrate prejudice from the operation of his defaults. "Prejudice is established by showing that the violation of the petitioner's federal rights works to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lewis*, 390 F.3d at 1026 (quotation marks and citation omitted). Singleton does not present any meritorious arguments, so he cannot establish prejudice.

For instance, Singleton has no coherent explanation of how his Sixth Amendment rights (or any other rights under the U.S. Constitution) were violated by dint of the disparity between the State's initial plea offer and the ultimate sentence imposed by the circuit-court judge. Next, his argument that the State violated the Fifth Amendment—by amending the indictment to read 'box cutter' instead of 'knife' without asking the grand jury whether it would have returned a true bill for armed robbery with that change in language—is frivolous. It is true that Illinois' armed robbery statute requires the use of a "dangerous weapon," as Singleton says, s*ee* 720 ILCS 5/18-2(a)(1), but this court is at a loss to see how a box cutter, wielded as Singleton wielded one, fails to qualify as a dangerous weapon. *See* 720 ILCS 5/33A-1(c)(2). As for his argument that he was not proven guilty beyond a reasonable doubt, Singleton is nowhere near the threshold for a sufficiency-of-the-evidence claim. For that, he must show that "the record contains no evidence, regardless of how it is weighed, from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Menting*, 166 F.3d 923, 928 (7th Cir. 1999). Singleton's DNA was present in vaginal swabs taken from the victim, who identified Singleton in a lineup and testified at trial that she did not consent to sex with him.

That leaves Singleton's prosecutorial-misconduct and ineffective-assistance claims. As an initial matter, Singleton is only entitled to review of his prosecutorial-misconduct claim on the basis of the three comments that were not waived under state procedural law. *See Sturgeon*, 552

F.3d at 611 (state-law waiver is adequate and independent state-law ground for judgment). Those are the following: (1) "You know, when you have no defense you resort to fancy diagrams;" (2) "Do you see how when you talk out of both sides of your mouth you have no defense. It's defense of desperation. Things are thrown at you hoping they will stick;" and (3) The ASA's comment, in rebuttal, that Singleton's defense theory was "the dumbest defense ever to cross a courtroom floor." Such intemperate mudslinging during closing argument strikes this court as wholly inappropriate, but it hardly infected Singleton's trial with "error of constitutional dimensions." *See Lewis*, 390 F.3d at 1026.

Singleton's final argument is that trial counsel was ineffective for failing to call Marion Beck as a witness. Beck's affidavit attests to what she would have said at trial: on the night in question, Beck saw Mr. Singleton at the Good Rocking Lounge with a young lady. The two of them left "at about 10:50 or 11:30 pm. What if anything took place after that, I can't say because I don't know." (R.81.) Singleton cannot establish that trial counsel's failure to call Beck to the stand resulted in prejudice under *Strickland v. Washington*, 466 U.S. 668, 688 (1984), since Beck has stated quite clearly that she had no knowledge of the alleged events to report. This court discerns (and Singleton fails to develop) no "reasonable probability" that Beck's testimony—the sheer fact that Singleton left a bar on the night in question with an unidentified lady—would have changed the outcome of Singleton's trial. *See id.* His ineffective-assistance argument therefore fails.

Even less can Singleton excuse his procedural defaults by showing that a miscarriage of justice would result if habeas relief is foreclosed. For that, he must show that he is actually innocent, i.e., "that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citation omitted). For reasons

already canvassed, there was more than enough evidence for a reasonable juror to convict Singleton. His petition for a writ of habeas corpus must therefore be denied.

Lastly, Singleton is not entitled to a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), RULES GOVERNING HABEAS CORPUS CASES (Eff. Dec. 1, 2009). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of *Baldwin*, 541 U.S. 27, there can no question that Singleton defaulted all but the first of his claims, which is not cognizable on habeas review to begin with. Moreover, none of his claims approach the threshold for "stat[ing] a valid claim of the denial of a constitutional right," for reasons that should already be apparent.

## **CONCLUSION**

For the foregoing reasons, Singleton's petition for a writ of habeas corpus is DENIED, and the court declines to issue a certificate of appealability.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: April 26, 2010**